# MARY MILWARD, Respondent, v. WABASH RAIL-
WAY COMPANY and J. N. BUTTERFLY, Ap-
pellants.

### St. Louis Court of Appeals.   Opinion Filed June 21, 1921.

1. **APPELLATE PRACTICE: Demurrer to Evidence: Rule of Review.**
Where the defendant stood on its demurrer and failed to introduce
any evidence, the appellate court is concerned only with the evi-
dence of plaintiff, and will view that evidence in the light most
favorable to plaintiff.

2. **RAILROADS: Death by Wrongful Act: Crossings: Lookout by En-
gineer: Presumptions.** In an action against a railroad for damages
for alleged wrongful death at a railroad crossing the law will
presume in the absence of anything to the contrary, that the en-
gineer was in his proper place, as it was his duty to be, in the
cab looking down the track for the purpose of observing those who
might be upon the crossing.

3. **———: ———: ———: Persons Approaching Track: Oblivious to
Danger: Duty of Engineer.** A locomotive engineer who saw or
could have seen deceased at a point 300 feet from the crossing
had be been looking, approaching the track on which the train
was traveling, deceased being at the time on an adjoining track
pushing a wheel-barrow in front of him walking towards the track
on which the train was running, had the right to assume that the
deceased would stop and not go from a place of safety into a
place of danger; but after the deceased had left the adjoining
track and was approaching from the space between the tracks,
and especially when the front of his wheel-barrow arrived on
the track on which the train was running, it should have appeared
to a reasonably prudent engineer that the deceased was not going
to stop but was going upon the track in front of the engine, and
it was the duty of the engineer to avert the catastrophe, if he
could do so by the exercise of ordinary care by giving the emergen-
cy whistle or putting on the emergency brakes and slowing up the
speed of the train.

4. **———: ———: ———: ———: Engineer Presumed to Have Seen
Deceased.** In an action against a railroad for damages for alleged
wrongful death at a railroad crossing, where the engineer operating
the train at the time deceased was killed did not testify, thereby
leaving the evidence dark as to whether he actually saw the

deceased before he was struck, inasmuch as it was his duty to keep a vigilant watch as he approached the crossing, the law says he saw what he might have seen.

5. ———: ———: Negligence: Humanitarian Doctrine: Evidence: Question for the Jury. In an action against a railroad for damages for alleged wrongful death at a railroad crossing over which deceased was pushing a wheel-barrow, the facts *held* to present a case for the application of the humanitarian doctrine, and the court did not err in submitting the case to the jury.

6. PLEADING: Trial Practice: Omission of Element of Obliviousness in Petition: Cured by Admission in Answer: Instructions: Need Not Contain Element. In an action against a railroad for damages for alleged wrongful death at a railroad crossing, a complaint by the defendant that the petition omitted to charge that at the time the deceased was oblivious to the danger, which petition was not challenged until after the verdict, and the answer of defendant alleged and admitted that the deceased in approaching the track failed to look and listen for the train, and that he walked into a position of peril and danger, such admission eliminates the question, cures the defect in the petition, if any, renders the proof of such fact unnecessary, and also does away with the necessity, if any, of incorporating the element of obliviousness in the instruction.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Kent K. Koerner*, Judge.

AFFIRMED.

*N. S. Brown, Wells H. Blodgett, Henry W. Blodgett, Walter N. Fisher* and *J. H. Drucker* for appellants.

(1) The petition failed to state a cause of action under the humanitarian theory. There was no averment in the petition that the deceased was oblivious to the impending danger. Kinlen v. Railroad, 216 Mo. 145; Guyer v. Railway, 174 Mo. 344; Van Bach v. Railway, 171 Mo. 338; Pope v. Railroad, 242 Mo. 232; Rubick v. Sandler, 219 S. W. 401; Stark v. Bingaman, 223 S. W. 946; Bryant etc. v. Kansas City Railway (Mo. Sup.), not yet reported. (2) The demurrer to the evidence should have been sustained. (a) No case was made under the humanitarian theory. Deceased was not igno-

rant or oblivious to the approaching train. No duty rested on the engineer to stop the train or reduce its speed until deceased was in the danger zone, and he was not in danger zone until he stepped on the track or so close to it as to be in danger of being struck by a passing train, and when he did this the train was not over twenty feet away. The engineer was not shown to have been negligent after deceased entered the danger zone. Sinclair v. Railway, 133 Mo. 233; Rollinson v. Railroad, 252 Mo. 525; Reeves v. Railroad, 251 Mo. 169; Pope v. Railroad, 242 Mo. 232; Guthrie v. Railroad, (Mo. Sup.) 204 S. W. 185; Reardon v. Railway, 114 Mo. 384; Guyer v. Railway, 174 Mo. 344; Van Bach v. Railway, 171 Mo. 338; Veatch v. Railroad, 145 Mo. App. 232; Markowitz v. Railroad, 186 Mo. 350; Hamilton v. Railroad, 250 Mo. 714; Keele v. Railway, 151 Mo. App. 364; Keele v. Railway, 258 Mo. 62; Whitesides v. Railroad, 186 Mo. App. 608; Moore v. Railway, 176 Mo. 528; Boyd v. Railway, 105 Mo. 371; Tanner v. Railway, 161 Mo. 497. (b) Deceased's own negligence, impliedly conceded in the petition and conclusively shown by the evidence, in going upon the track immediately in front of the approaching train, was the proximate cause of his injuries and death. Mockowik v. Railroad, 196 Mo. 550; Moore v. Railway, 176 Mo. 528; Hutchinson v. Railway, 195 Mo. 546; Eppstein v. Railway, 197 Mo. 720; Green v. Railway, 192 Mo. 131, 139; Burge v. Railroad, 244 Mo. 76; Moody v. Railroad, 68 Mo. 470; Farris v. Railroad, 167 Mo. App. 392; Peters v. Lusk, 200 Mo. App. 372; State ex rel. Peters v. Reynolds, (Mo.) 214 S. W. 121; Laun v. Railroad, 216 Mo. 563. (3) The court erred in giving instruction 1 at the request and on behalf of plaintiff. (a) The petition did not allege, nor did the proof show, that deceased was oblivious to danger. It was, therefore, erroneous to submit the case on the humanitarian rule. Knapp v. Dunham (Mo. App.), 195 S. W. 1062; Kamoss v. Railway (Mo. App.), 202, S. W. 434; Rubick v. Sandler, 219 S. W. 401; Bryant etc. v. Kansas City Railway (Mo.

Sup.), not yet reported. (b) There was no evidence that defendant's engineer was negligent after deceased entered the danger zone; and this call in the instruction is without evidence to support it. (4) The court erred in giving instruction 2 for plaintiff. Knapp v. Dunham, supra; Kamoss v. Railway, supra. The court erred in refusing to give instructions "E" and "F," requested by defendants. Boyd v. Railway, 105 Mo. 381. The court erred in refusing to give instructions "B" and "D," requested by defendants. Sinclair v. Railway, 133 Mo. 239.

*Safford & Marsalek* for respondent.

(1) The instruction in the nature of a demurrer to the evidence was properly refused. (a) A demurrer admits as true all evidence in plaintiff's favor and all favorable inferences which may with any degree of propriety be drawn therefrom, and it is only when the evidence, considered in the above light, is so strongly against plaintiff as to leave no room for reasonable minds to differ that the demurrer should be sustained. Scherer v. Bryant, 273 Mo. 602; Troll v. Drayage Co., 254 Mo. 332; Gratiot v. Railroad, 116 Mo. 466; Buesching v. Gas Light Co., 73 Mo. 219; Steffens v. Fisher, 161 Mo. App. 386. (b) The petition stated a cause of action under the humanitarian theory. An allegation that plaintiff was oblivious to his danger was not essential. Taylor v. Railway Co., 256 Mo. 191; Pope v. Railway, 242 Mo. 232, 240; Woddis v. Railway, 199 Mo. App. 354; Wittenberg v. Supp. Co., 219 S. W. 686; Murrell v. Railroad, 279 Mo. 92; Lilly v. K. C., 209 S. W. 969; Dunn v. K. C., 204 S. W. 592; King v. K. C., 204 S. W. 1130; Aqua Contr. Co. v. U. Rys. Co., 203 S. W. 484; Bybee v. Dunham, 198 S. W. 192; Heryford v. Spitcaufsky, 200 S. W. 123; Ingino v. Ry. Co., 179 S. W. 773. (c) The evidence showed that as deceased, pushing a wheelbarrow, approached the tracks, he could have been seen by the trainmen for at least

one hundred feet. That he walked over the entire width of the west track, the space between the tracks, and the east track, and had gotten some six or eight inches east of the east end of the ties of the latter track when the cylinder on the east side of the locomotive struck him. If he had made one more step, or if the speed of the train had been decreased even slightly, his life would have been saved. No effort was made to give him a warning whistle and no effort was made to decrease the speed of the train. Under these facts the case was properly submitted on the humanitarian theory. Murrell v. Railroad, 279 Mo. 92; Dutcher v. Railroad, 241 Mo. 137; Ellis v. Railroad, 234 Mo. 657; Heinzeman v. Railroad, 199 Mo. 65; Eppstein v. Railroad, 197 Mo. 720; Eckhart v. Transit Co., 190 Mo. 616; Lloyd v. Railroad, 128 Mo. 607-8; Maginnis v. Railroad, 182 Mo. App. 694, affd. 268 Mo. 667; Wagner v. Pryor (App.), 222 S. W. 857. (d) The danger to deceased did not commence when he stepped over the west rail of the track on which the engine was approaching, but when he approached so near that the trainmen, in the exercise of reasonable prudence, would have realized that he was going into danger. In this case the fact that deceased was pushing a wheelbarrow before him broadened the danger zone, because the approach of the front end of the wheelbarrow to the track was notice to the engineer that deceased was not going to stop, but would continue across the track, unaware of his peril. Lyons v. Railroad, 253 Mo. 156; Ellis v. Railway, 234 Mo. 680-1; Holmes v. Railroad, 207 Mo. 163; Foster v. West, 194 Mo. App. 94, 100 and cases cited; Tavis v. Bush (Sup.), 217 S. W. 274. (e) The admitted facts that the brakes of the train were not applied prior to the injury, and that it was then stopped within two hundred fifty feet, were sufficient to warrant the jury in finding that the speed of the train could have been decreased as deceased approached and went across the tracks, enough to allow deceased to take the additional step which would have saved his life. Farrar v. Railroad,

249 Mo. 210; Ellis v. Railroad, 234 Mo. 685; Beier v. Transit Co., 197 Mo. 215; Latson v. Railroad, 192 Mo. 463-467; Windle v. Railroad, 168 Mo. App. 604; Wilkinson v. Railroad, 146 Mo. App. 716; Lilly v. Railways Co., 209 S. W. 969. (f) The law charges those operating a railroad over a public crossing with the duty of active vigilance, and the fact that they did not see the person who was injured will not exonerate them from liability. Ellis v. Railroad, 234 Mo. 673; Waddell v. Railroad, 213 Mo. 16; McQuade v. Railroad, 200 Mo. 158; Hilz v. Railroad, 101 Mo. 36; Eskridge v. Railway, 170 Mo. App. 548; Gilbert v. Railway (App.), 226 S. W. 263. And in this connection the jury had the right to consider the fact that the engineer was not called to testify. Murrell v. Ry., 279 Mo. 111-2. (g) The deceased, in crossing defendants' track on the public highway, was not a trespasser, but had an equal right with defendant to the use of the highway. Lloyd v. Railroad, 128 Mo. 595; Jennings v. Railroad, 112 Mo. 268. (2) Admissions in answer.—The defendants in their answer plead that deceased failed to look and listen for the approach of the train, and walked into a position of peril and danger. These statements in the answer are solemn admissions by which the defendants are bound. (a) This affirmative claim in defendants' answer, that deceased walked to his death without ever looking or listening for the train, rendered proof of these facts by plaintiff unnecessary. It is unnecessary to prove facts which are admitted by the pleadings. McKenzie v. U. Rys., Co., 216 Mo. 19-20; Lynch v. Railroad, 208 Mo. 1, 19; Jewell v. Mfg. Co., 143 Mo. App. 210. (b) If the petition was defective in failing to allege obliviousness on the part of deceased, the defect was cured by the answer. Davidson v. Land Co., 253 Mo. 229; Priess v. County, 231 Mo. 339; Casler v. Chase, 160 Mo. 424; Garth v. Caldwell, 72 Mo. 629-30. (3) Plaintiff's instructions number one and two, properly submitted the case on the humanitarian theory, the first, because of the failure to warn deceased of the approach of the train,

and the second, because of the failure to decrease the train's speed. Authorities under Point 1 (d). (4) It was unnecessary for the plaintiff's instructions one and two to have the jury find that deceased was oblivious to his danger, especially in view of the allegations contained in defendants' answer. Authorities under Point 1 (b); Aqua Contracting Co. v. U. Rys. Co. 203 S. W. 484; 38 Cyc, p. 1670; Davidson v. Transit Co., 211 Mo. 357; Barton v. City of Odessa, 109 Mo App. 82; Markey v. Railroad, 185 Mo. 363. (5) The court did not err in refusing instructions offered by defendants. (a) The defendant's instructions "B" and "D" were fully covered by instruction "C" given. Rutledge v. Swinney, 261 Mo., l. c. 146. (b) Instructions "E," "F" and "G" authorized a finding for defendants if Milward did not go upon the tracks until the locomotive was so close to him that it could not be stopped. The instructions were erroneous in ignoring the duty to exercise ordinary care to avert the injury by slowing the speed of the train and by giving warning. Authorities under Point 1 (d); Hinzeman v. Railroad, 199 Mo. 64-65. (c) Instructions "H," "I," "K," "L," "M," "N," "O" and "P" which authorized a verdict for defendants if the deceased was guilty of contributory negligence, were properly refused, contributory negligence not being a defense in a cast of this character. Lyons v. Railway, 253 Mo. 143, 159; Dutcher v. Railroad, 241 Mo. 173, 174; Quinley v. Trac. Co., 180 Mo. App. 305; Gilbert v. Railway, 226 S. W. 263. (d) Instruction "J" on the subject of accident was properly refused as there was no evidence to support it. Beard v. Railway (Sup.), 197 S. W. 907; Simon v. Railway (Sup.), 178 S. W. 449.

BIGGS, C.—Plaintiff as the widow of William Milward sues for the alleged wrongful death of her husband who was struck by defendant's northbound passenger train on November 26, 1915, where the tracks of defendant cross Bartmer avenue about two blocks west of the St. Louis city limits.

The right of recovery is grounded solely on the last chance theory, the petition alleging that defendants (being the railway and J. N. Butterly the engineer in charge of the train) could have discovered that the deceased William Milward was approaching and crossing the track and was in danger of being struck by the locomotive in time to have averted his death by exercising ordinary care to sound the emergency whistle and in time to have prevented his death by reducing the speed of the locomotive in the shortest time they could by the exercise of ordinary care and in time to permit said William Milward to escape. It is alleged that the defendants negligently failed to keep a vigilant watch for persons in said highway and moving toward and upon said track, when they by performing that duty could have discovered that the said deceased was in said highway moving toward and upon said track and in danger of being struck by said locomotive, and that the defendants negligently failed to give deceased sufficient warning of the approach of said locomotive by sounding the emergency whistle, and negligently failed to reduce the speed of the locomotive in the shortest time they could by the exercise of ordinary care, which acts of negligence caused the death of plaintiff's husband.

The answer was a general denial coupled with a plea of contributory negligence to the effect that the deceased's injuries were caused by his own negligence in failing to look and listen for the approach of defendant's train and in walking into a position of peril and danger where he would be struck by defendant's train such a short time and space in front of said train that the same could not be stopped before striking him, and in stepping immediately in front of a rapidly approaching train.

The substantial question in the case is whether the evidence warranted the submission of the cause to the jury under the last chance doctrine and involves the action of the court in refusing to sustain the defendant's

demurrer to the evidence offered at the close of plaintiff's case.

The defendant stood on its demurrer and failed to introduce any evidence, so we are concerned only with the evidence of plaintiff. Viewing that evidence in the light most favorable to plaintiff, which is our duty in considering the question, the facts are these:

Bartmer avenue, a much used public highway, runs east and west. At a point two blocks west of the St. Louis city limits it is crossed by defendant's railway which at that point runs north and south. The defendant operates two tracks at the point, the east track being used for northbound and the west track for southbound traffic. At about 2.15 in the afternoon of the day referred to William Milward was struck by defendant's northbound passenger train at this crossing, receiving injuries from which he subsequently died. At the time deceased was walking eastwardly on the south side of Bartmer avenue and approaching the crossing from the west, pushing in front of him a loaded wheelbarrow. When defendant's train was at a point 300 feet south of the crossing there were no obstructions which would prevent the engineer from seeing the deceased approaching the crossing from a point within 100 feet of the tracks, and the evidence warrants the inference that the engineer sitting in the cab at a point 300 feet south of the crossing could have seen the deceased as he approached the crossing from a point 100 feet west therefrom. William Milward pushing the wheelbarrow in front of him walked across the west track, the space between the tracks, crossed the east track and had reached a point about six inches beyond the east end of the ties of the east track and almost to a place of safety, when the cylinder on the east side of the engine which projects out from the side thereof struck him and hurled his body northward about fifty feet and against the fence on the north side of the street.

Plaintiff's evidence tended to prove that the bell of the engine was not ringing; that the whistle was not

207 Mo. App.—23

sounded and that no attempt was made by the engineer to stop or slacken the speed of the train until after William Milward was struck by the engine. As it appeared that the deceased was pushing the wheelbarrow in front of him and all the time was walking until the very moment he was struck by the engine the jury could reasonably infer that the deceased at the time did not know the train was approaching and was unaware of his peril.

One witness testified that when Milward was on the west edge of the west track and was proceeding over the west track the locomotive was then at a point 300 feet south, and it appeared from other evidence that the train was approaching the crossing at the rate of between twenty-five and thirty miles an hour. From the testimony of the fireman who was put on the stand by the plaintiff it appeared that at the time he was firing the engine and was not in a position to have seen the deceased, and an inference can be drawn from his testimony that the engineer was on his seat in the cab of the engine and in a position where he could see William Milward approaching the crossing. Were such not the fact the law would presume, in the absence of anything to the contrary, that the engineer was in his proper place as it was his duty to be in the cab looking down the track for the purpose of observing those who might be upon the crossing. [Murrell v. Railroad, 279 Mo. 92, l. c. 111, 213 S. W. 964.]

Immediately after the engine struck deceased the engineer applied the emergency brakes and the train was stopped within about 250 feet.

The foregoing facts present a case where a train approaching this much used crossing at the rate of twenty-five or thirty miles an hour and when at a point 300 feet south of the crossing the engineer in charge of the train saw or could have seen deceased had he been looking approaching the track on which the train was traveling and at the time on the adjoining or west track pushing a wheelbarrow in front of him and walking towards

the track on which the train was running. At that time the engineer doubtless had the right to assume that the deceased would stop and not go from a place of safety into a place of danger. This right to assume however that the plaintiff would stop and not go on the track ended when it appeared or should have appeared to a reasonably prudent engineer that the deceased was not going to stop and was going headlong into a place of danger. After the deceased had left the west track and was approaching over the space between the tracks and especially when the front of his wheelbarrow arrived on the east track, it should have appeared to a reasonably prudent engineer that the deceased was not going to stop but was going upon the track in front of the engine. At that time it was the duty of the engineer to avert the catastrophe if he could do so by the exercise of ordinary care. This duty to prevent the accident would have been performed by giving the emergency whistle which doubtless would have warned the deceased so that he would have hurried over the track as he needed only one more step and he would have been in a place of safety. Or if the engineer had put on the emergency brakes and slowed up the speed of his train even to a slight degree the death of William Milward would have been prevented. As the train was stopped within 250 feet after the accident it may be inferred that its speed could have been sufficiently slackened before the accident so as to have avoided striking plaintiff's husband.

The engineer did not testify, so the evidence is dark as to whether he actually saw the deceased before he was struck. It was his duty to keep a vigilant watch as he approached this crossing and the law says that he saw what he might have seen. [Ellis v. Railway, 234 Mo. 657, 138 S W. 23.]

The facts present a case for the application of the humanitarian doctrine, and the court did not err in submitting the cause to the jury. [Holden v. Mo. Pac. Ry. Co., 177 Mo. 456, l. c. 468, 76 S. W. 973; Holmes v. Mo. Pac. Ry. Co., 207 Mo. 149, l c. 163, 105 S. W. 624; Ellis

v. Railway Company, 234 Mo. 657, 138 S. W. 23; Maginnis v. Railroad, 182 Mo. App. 684, 165 S. W. 849; s. c. 268 Mo. 667, l. c. 678, 187 S. W. 1165; Martin v. St. Louis-San Francisco Ry. Co., 227 S. W. 129; Tavis v. Bush, 217 S. W. (Mo. Sup.) 274; Lyons v. Ry. Co., 253 Mo. 143-152, 161 S. W. 726; Epstein v. Railway Company, 197 Mo. 720, l. c. 735, 94 S. W. 967; Waddell v. R. R., 213 Mo. l. c. 16, 111 S. W. 542.]

Defendant complains because the petition omits the charge that at the time the deceased was oblivious to the danger and also that plaintiff's instruction submitting the cause to the jury omitted the necessary element of obliviousness.

The petition was not challenged until after verdict and the defendant's answer alleged and admits that William Milward in approaching the track failed to look and listen for the train and that he walked into a position of peril and danger. In view of this admission tending to show that the deceased was unaware of his peril at the time and was oblivious to the danger, the question of obliviousness on the part of deceased was not an issue in the case. The admission eliminates the question, cures the defect in the petition, if any, renders the proof of such fact unnecessary, and also does away with the necessity if any of incorporating the element of obliviousness in the instruction. Defendant in its answer does not contend that the deceased wantonly went into a place of danger, but says that he went upon the track without looking or listening and walked into the danger zone, thereby impliedly at least stating that at the time he was unaware of the danger. It is elemental that an admission in an answer may cure a defect in a petition and render the proof of such fact unnecessary and the instructions in such a case need not require a finding of such admitted fact.

Where as here the defendant admits that the deceased went upon the track without looking or listening and walked into a place of danger; and where as here the evidence indicates that the deceased was unaware of

the impending peril; and where the defendant offers no evidence to the contrary, the question of obliviousness is not a controverted question in the case. [Newton v. Harvey, 202 S. W. l. c. 251 (Kansas City Court of Appeals); Woodis v. United Railways Co., 199 Mo. App. l. c. 354, 203 S. W. 489; Acqua Contracting Co. v. United Railways Company, 203 S. W. l. c. 484; Bybee v. Dunham, 198 S. W. 190; Martin v. St. Louis San Francisco Railway Co., 227 S. W. 129 (St. Louis Court of Appeals).]

In view of the ruling herein that the facts present a case for the application of the humanitarian doctrine, we do not think the court committed error in refusing the defendant's instructions. The judgment should be affirmed.

PER CURIAM:—The foregoing opinion of Biggs. C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker,* and *Daues, JJ.,* concur.